MANION, Circuit Judge,
concurring.
As the district court noted in its opinion granting Ben-Yisrayl’s petition for habeas corpus, “The reality is that a death penalty case, whether in state or federal court, is different.” Ben-Yisrayl v. Davis, 277 F.Supp.2d 898, 903 (N.D.Ind.2003). The district court illustrates this difference by noting that in Indiana it is mandatory that any conviction involving the death penalty is automatically appealed to the Supreme Court of Indiana. Also, only lawyers qualified, to defend in death penalty cases are permitted to represent such defendants. Theoretically, all habeas cases are treated with the same standards, but realistically, in the case of a defendant facing death, the appeal invites more scrutiny.
After receiving his Miranda warnings, consulting with his mother, and “sleeping on it,” Obadyah Ben-Yisrayl confessed to murdering several people with his shotgun, including the gas station attendant and the motel clerk who were the victims of the murder convictions challenged in this appeal. In affirming the conviction and penalty, the Supreme Court of Indiana regarded the evidence as overwhelming. The court here claims otherwise. If not overwhelming, I conclude that it was considerable. In addition to the voluntary confessions, the evidence showed that both victims were shot in the head at close range with a 12-gauge shotgun; Winchester AA 8 shotgun waddings were found at both crime scenes;[1] both shootings were in *1054 the city of Portage, two days apart; the shotgun and ammunition found in his room was the same type used in the murders; Ben-Yisrayl and/or his car were spotted near the scenes of the murders; and he “confessed” to McGee, who testified in exchange for a reduced sentence in an unrelated crime. All of that evidence notwithstanding, to the prosecution Ben-Yisrayl’s confession to the police was key. The defense was unable to show that the confession was coerced or otherwise involuntary in its cross-examination of police witnesses.
Although critical of the sufficiency of the evidence, in this case the court concludes, as did the district court, that the prosecutor’s statement “Let the defendant tell you why somebody would freely and voluntarily confess ...” was a sufficiently serious constitutional violation to overturn the conviction. Taken in isolation, the court is correct. Presumably, had the prosecutor instead said “defendant’s counsel”, we would not have reversible error on this issue. The Supreme Court of Indiana went to great lengths, first to ascertain the validity of the record that was unfortunately distorted by an unreliable court reporter, then to evaluate the context of the prosecutor’s misstatement. Given the record as a whole, the Supreme Court of Indiana concluded that “The jury in this case could not reasonably have interpreted the prosecutor’s comments as a suggestion to infer guilt from the defendant’s silence.” Ben-Yisrayl v. State, 690 N.E.2d 1141, 1149 (Ind.1997). Were it not for the state of the record, I would be inclined to agree with the Supreme Court of Indiana. This statement was apparently isolated. Although the prosecutor made many references to the defendant, apparently all but this one were appropriate. Immediately after the statement was made, defense counsel objected. The trial court took a motion for mistrial under advisement, but concluded that the court’s instruction to the jury regarding Ben-Yisrayl’s right not to testify would sufficiently erase any harm that misstatement might have caused.
Based on the evidence presented and the record that is before us, I would be inclined to agree with the Supreme Court of Indiana that the prosecutor did not commit reversible error and the trial court did not abuse his discretion in refusing to grant a mistrial. But what moves me to concur with the court’s affirmance of the district court’s grant of the petition is the unfortunately defective state of the record from the state trial. Without a more reliable record to review, it is an unreasonable application of clearly established federal law to conclude that the prosecutor’s statement constituted harmless error. See Simmons v. Beyer, 44 F.3d 1160, 1170 (3d Cir.1995) (granting conditional writ of ha-beas corpus since defendant was prejudiced by inadequate transcripts that made his claim unreviewable) (citing United States v. Wilson, 16 F.3d 1027, 1031 (9th Cir.1994) (on direct appeal remanding for a new trial because inadequate transcripts precluded review of merits)). I agree with the district court’s conclusion that “... this record simply is not good enough to sustain a state court death penalty conviction.” Ben-Yisrayl, 277 F.Supp.2d at 905. As the district court noted, the original court reporter was having serious emotional problems. The record was a mess, and in spite of a valiant effort of counsel and the trial court to piece it together, it left much to be desired. Because so much of the analysis on the sufficiency of the evidence, the prosecutor’s statement in closing argument, and the many references to other matters throughout the trial are so pivotal, this faulty record does not provide the foundation necessary to render due process to the defendant in this appeal. For many of the reasons stated in the district court’s opinion under the heading *1055 “Inaccurate and Unreliable Transcript,” Berir-Yismyl, 277 F.Supp.2d at 905-07, I concur with this court that the district court’s grant of Ben-Yisrayl’s petition for a writ of habeas corpus should be affirmed.

. As the district court noted, "Kevin A. Judge testified that ballistics tests proved that the defendant’s shotgun fired a shell casing recovered at a different murder scene and he testified that all of the shotgun shell fragments recovered from all of the murder scenes (charged and uncharged) contained number 8 shot with pink .12 gauge power piston wadding.” Ben-Yisrayl, 277 F.Supp.2d at 904.